# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2024

Lyle W. Cayce
Clerk

No. 24-10039

---

Elisha N. Holloway, and Occupants,

*Plaintiff—Appellant,*

*versus*

Revelstoke Venture, L.L.C.,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-1005

---

## UNPUBLISHED ORDER

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment.

In this civil rights action, the district court entered final judgment dismissing the complaint on November 8, 2023. Therefore, the final day for

filing a timely notice of appeal was December 8, 2023. Plaintiff filed a timely *pro se* notice of appeal on November 9, 2023. This court opened an appeal, but ultimately dismissed it for failure to file the appellant's brief. *See Holloway v. Revelstoke Venture*, No. 23-11148 (5th Cir. Jan. 16, 2024).

Plaintiff has now filed a second *pro se* notice of appeal from the same judgment. The new notice of appeal was filed on January 16, 2014 and is therefore untimely. When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of a timely notice mandates dismissal of the appeal. *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988).

Accordingly, the appeal is DISMISSED for want of jurisdiction.